# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

CLINT PHILLIPS, III,                         )
                                             )
       Plaintiff,                    )
                                             )
      v.                           )          No. 4:24-cv-00185-JMB
                                             )
OFFICER UNKNOWN BITTICK,                      )
et al.,                                      )
                                             )
      Defendants.                  )

## MEMORANDUM AND ORDER

This matter is before the Court on review of self-represented plaintiff Clint Phillips, III's handwritten complaint, which was accompanied by a copy of his St. Louis County Justice Center Inmate Account Statement. Plaintiff did not file a separate application to proceed in the district court without prepaying fees and costs. Based on plaintiff's prolific filings with the Court, however, the Court will construe plaintiff's filing of his inmate account statement as an application to proceed in the district court without prepaying fees and costs.[1] For the following reasons, plaintiff's application will be denied and plaintiff will be ordered to pay the $405 filing fee within twenty-one (21) days of the date of this order or this action will be dismissed pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act (PLRA) "enacted a variety of reforms designed to filter out the bad [prisoner] claims and facilitate consideration of the good." *Jones v. Bock*, 549 U.S. 199, 204 (2007). One of these reforms is what is commonly known as the "three strikes" provision

---

[1] Plaintiff has filed more than twenty civil rights complaints in this Court in the past year. He has not paid the filing fee in any of these cases. He has either sought to proceed without prepayment of filing fees and costs or not addressed the issue. Here, he simply filed his inmate account statement.

of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). For purposes of this section, a dismissal for failure to state a claim counts as a strike whether the dismissal was with prejudice or without. *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020).

A review of this Court's files shows that plaintiff has previously brought at least three civil actions that were dismissed on grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Phillips v. St. Louis City Police Officers*, No. 4:17-cv-1637-HEA (E.D. Mo. Jan. 10, 2018); *Phillips v. Romeo*, No. 4:17-cv-1636-NAB (E.D. Mo. Aug. 4, 2017); *Phillips v. City of St. Louis*, No. 4:11-cv-791-CEJ (E.D. Mo. May 19, 2011). Therefore, the Court cannot permit plaintiff to proceed in forma pauperis unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In his complaint, plaintiff seeks visitation rights with his daughter. Plaintiff does not allege he is under imminent danger of serious physical injury. He is currently incarcerated at the St. Louis County Justice Center, and therefore under no imminent danger of injury arising out of the events alleged in the complaint. Therefore, the Court will order plaintiff to pay the $405 filing fee within twenty-one (21) days of the date of this order or this action will be dismissed without prejudice under 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that the Court construes plaintiff's filing of his St. Louis County Justice Center Inmate Account Statement as an application to proceed in the district court without prepaying fees and costs and **DENIES** the application. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff shall have twenty-one (21) days from the date of this order to pay the $405 filing fee.

**IT IS FURTHER ORDERED** if plaintiff does not pay the $405 filing fee within twenty-one (21) days of the date of this Order, the Court will dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(g).

Dated this 5th day of February, 2024.


*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

- 3 -